TRACY L. WILKISON
United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
MORGAN J. COHEN (Cal. Bar No. 341950)
Assistant United States Attorney
General Crimes Section
     1200 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-2848
     Facsimile: (213) 894-0141
     E-mail:    morgan.cohen@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CR No. 19-491-DSF |
|---|---|
| Plaintiff, | GOVERNMENT'S OPPOSITION TO DEFENDANT'S PRO SE MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE |
| v. | |
| GERALD TAYLOR, | |
| Defendant. | |

   Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Morgan J. Cohen, hereby files its Opposition to Defendant's Pro Se Motion for Early Termination of Supervised Release (Dkt. 6.)

//
//

This Opposition is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: February 28, 2022          Respectfully submitted,

TRACY L. WILKISON
United States Attorney

SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division


         /s/
MORGAN J. COHEN
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I. INTRODUCTION**

Following drug convictions in 2007 in the Northern District of Ohio, defendant Gerald Taylor ("defendant") was sentenced to an eight-year term of supervised release. Having served approximately half of that term, defendant moves <u>pro se</u> for early termination. The United Sates Probation and Pretrial Services Office ("USPO") opposes early termination. The government concurs with USPO. Accordingly, the Court should deny defendant's motion.

<u>First</u>, defendant was convicted of violations of 21 U.S.C. § 841(b)(1)(A). The Court therefore lacks the authority to shorten or terminate defendant's supervised release before the end of the mandatory five-year term required by that statute.

<u>Second</u>, even if the Court did have the authority to shorten or terminate defendant's supervised release before the end of the mandatory five-year term, in light of defendant's conduct, early termination is not in the interest of justice when considering the totality of the factors set forth in 18 U.S.C. § 3583(e).

**II. FACTUAL AND PROCEDURAL BACKGROUND**

On July 18, 2007, defendant was sentenced to a 188-month term of imprisonment in the Northern District of Ohio after being found guilty of conspiracy to distribute PCP, in violation of 21 U.S.C. §§ 841(b)(1)(A) and 846, and possession with intent to distribute PCP, in violation of 21 U.S.C. § 841(b)(1)(A)(iv). The custodial sentence was to be followed by an eight-year term of supervised release.

On February 2, 2018, defendant was released from BOP custody and commenced his term of supervision.

On June 10, 2019, USPO notified the court in the Northern District of Ohio that defendant had used marijuana and requested that no action be taken.

On August 20, 2019, jurisdiction over this case was transferred to this district. On August 26, 2019, the case was assigned to the Honorable Dale S. Fischer.

On December 10, 2019, defendant's assigned probation officer was notified by the Las Vegas Metropolitan Police Department that an officer had made contact with defendant. When the probation officer confronted defendant regarding his apparent unauthorized travel outside of the district, defendant first claimed that his driver's license had been stolen, and subsequently claimed that someone known to him had been using his license to travel under his name, including to Las Vegas. Defendant never provided any evidence in support of either claim.

On February 21, 2020, USPO filed a petition alleging that defendant violated the terms of his supervised release by traveling to Las Vegas on or before December 10, 2019, without authorization. Defendant waived appearance and consented to a modification of his release terms to include participation for a period of 90 days in a home detention program.

On December 8, 2021, defendant filed a pro se motion to terminate his supervision. USPO and the government oppose defendant's motion.

**III. ARGUMENT**

    **A. Early Termination of Supervised Release Is Not Appropriate Because Defendant Has Not Completed the Mandatory Minimum Period of Supervised Release**

When defendant was sentenced, he was subject to a mandatory

2

minimum sentence of ten years' imprisonment to be followed by a mandatory five-year term of supervised release. See 21 U.S.C. § 841(b)(1)(A)(iv) (2008). Section 841(b)(1)(A) provides that "[n]otwithstanding section 3583 of Title 18, any sentence . . . shall . . . impose a term of supervised release of at least 5 years . . . ." Id. (emphasis added). Although 18 U.S.C. § 3583(e)(1) provides that a court may terminate a term of supervised release "if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice," this section cannot be applied to reduce a mandatory term of supervised release under 21 U.S.C. § 841(b)(1)(A). Accordingly, this Court lacks the authority to either reduce defendant's term of supervised release below the five year mandatory minimum, or terminate supervision his term of supervised release before the expiration of the statutorily required five-year term.

While the plain language of 21 U.S.C. § 841(b)(1)(A) forecloses the possibility of using 18 U.S.C. § 3583(e)(1) to reduce a mandatory term of supervised release, the Ninth Circuit has not addressed this issue. A circuit split exists as to whether a mandatory supervised release term may be terminated under 18 U.S.C. § 3583(e). Compare United States v. Spinelle, 41 F.3d 1056, 1059-60 (6th Cir. 1994) (concluding that the mandatory minimum terms of supervised release set forth in 21 U.S.C. § 841(b) do not prevent courts from terminating supervised release under 18 U.S.C. § 3583(e)(1)), and Pope v. Perdue, 889 F.3d 410, 414 (7th Cir. 2018) (relying on Spinelle), with United States v. Lafayette, 585 F.3d 435, 440 (D.C. Cir. 2009) (concluding that a district court lacks authority to reduce a mandatory minimum term of supervised release), and United

3

States v. Vargas, 564 F.3d 618, 622 (2d Cir. 2009) (observing that it would be "exceedingly odd" for a district court to preemptively terminate a required minimum term of supervised release, but declining to reach the issue).

The Sixth Circuit's decision in Spinelle is inapposite because it was decided before the 2002 amendment to 21 U.S.C. § 841, when the statute's language did not specifically address 18 U.S.C. § 3583 in setting forth the mandatory term of supervised release. Compare 21 U.S.C. § 841(b)(1)(A) (1994) ("Any sentence under this subparagraph shall . . . impose a term of supervised release of at least 5 years . . . ."), with 21 U.S.C. § 841(b)(1)(A) (Nov. 2002) ("Notwithstanding section 3583 of Title 18, any sentence under this subparagraph shall . . . impose a term of supervised release of at least 5 years . . . ." (emphasis added)); see generally Pub. L. No. 107-273, § 3005, 116 Stat. 1758, 1805 (2002) (amending 21 U.S.C. § 841).  As a result, the Spinelle court confronted two conflicting provisions.  Notably, the phrase "[n]otwithstanding section 3583" does not state that it only applies to § 3583(a) or (b); it applies to § 3583 in its entirety, including § 3583(e)(1).  Accordingly, because § 841(b)(1)(A) expressly provides that it supersedes any conflicting language in 18 U.S.C. § 3583, the reasoning of Spinelle is inapposite, and the Court may not terminate defendant's mandatory minimum term of supervised release.

The Seventh Circuit's decision in Pope is similarly unavailing, as it does not address the "[n]otwithstanding section 3583" clause in 21 U.S.C. § 841(b)(1)(A).  Rather, Pope focuses exclusively on the interplay between subsections (a) and (e) of 18 U.S.C. § 3583, without so much as mentioning the superseding language set forth in

21 U.S.C. § 841(b)(1)(A).  See Pope, 889 F.3d at 414 ("No language from either sub-section [(a) or (e) of 18 U.S.C. § 3583] suggests that Congress intended a minimum term of supervised release 'in imposing sentence' to constrain the court's ability to later terminate it.").

Early termination would also contravene Congress's judgment that "defendants who commit certain drug offenses should serve at least a certain term of supervised release."  See United States v. Hernandez-Flores, 2012 WL 119609, at *3 (D.N.M. Jan. 3, 2012); see also H.R. Rep. No. 107-685, at 189 (2002) (Conf. Rep.) (explaining the 2002 amendment to 21 U.S.C. § 841 and affirming that "drug trafficking offenses in 21 U.S.C. §§ 841 and 960 prescribe special supervised release terms" (emphasis added)).  Especially in light of the fact that "[t]hese mandatory minimum terms of supervised release are relatively rare among criminal offenses . . . it would undercut Congress' intent if [the Court] decided to terminate this term of supervised release before [defendant] completes that minimum term." Hernandez-Flores, 2012 WL 119609, at *3.  Thus, the correct legal analysis, as held by the Hernandez-Flores court and the District of Columbia and Second Circuits, is that this Court lacks authority as a matter of law to shorten or terminate defendant's supervised release before the end of the mandatory five-year term required by § 841(b)(1)(A).

**B.    Early Termination Is Not In the Interest of Justice**

Even if this Court holds that it has the authority to shorten or terminate defendant's supervised release before the end of the mandatory five-year term, the Court should nonetheless deny defendant's request because early termination is not in the interest

5

of justice.  See United States v. Ponce, C.A. 21-30009 (9th Cir. Jan. 11, 2022).

Pursuant to 18 U.S.C. § 3583(e)(1), the Court may terminate a term of supervised release "if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice."  Here, although defendant has not engaged in any serious misconduct while on supervision, his record is not spotless in light of his prior unauthorized travel and marijuana use.  Consequently, early termination is not warranted.  A defendant's compliance with most, or even all, of the terms of his supervision is not sufficient to justify early termination.  Indeed, that is what is expected of defendants while on supervision.

**IV.   CONCLUSION**

For the foregoing reasons, the government respectfully requests that this Court deny defendant's pro se motion for early termination of supervised release.