GERALD TAYLOR

P.I.I. Withheld Per F.R.Crim.P. 49

Appearing in *Propria Persona (pro se)*

FILED
CLERK, U.S. DISTRICT COURT
MAR 31 2022
CENTRAL DISTRICT OF CALIFORNIA
BY         DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>GERALD TAYLOR,<br><br>Defendant. | Case No. 2:19-CR-491-1<br><br>**DEFENDANT'S REPLY TO GOVERNMENT'S OBJECTION TO 18 U.S.C. §3583(e)(1) MOTION**<br><br>Hearing Date: None Request<br>Hearing Time: None Requested |
|---|---|

**NOW COMES** GERALD TAYLOR, on a motion to this Court to terminate the imposed term of supervised release, hereby submits this reply to the Government's Opposition brief (hereinafter "Opposition") regarding that motion. Doc. 10.

### I.     Authority

As a matter of first impression, the government begins its argument by stating definitively that this Court lacks the authority to grant this request as a matter of law. The government reasons that, because 21 U.S.C. §841(b)(1)(A) requires the imposition of at least five years of supervised release upon conviction, that "the Court lacks the authority to shorten or terminate defendant's supervised release before the end of the mandatory five-year term required by that statute." Opposition at 3.

      This conclusion is not supported by case law or statute. In my initial brief, I cited the cornerstone decision by the Sixth Circuit which decided that §3583(e) decisions were post-

1

conviction modifications as opposed to re-sentencing decisions. Thus, the authority conferred upon the district court to modify a term of supervised release after incarceration is not abrogated by the existence of mandatory minimum terms of supervised release demanded by a charging statute.

This interpretation is shared among many Sister Circuits as well. The Eleventh Circuit inferred concurrence with this position in *United States v. Carpenter*, 803 F.3d (1224, 1241 at fn. 4 (11th Cir. 2015).

More recently, the Seventh Circuit addressed this issue head-on in *Pope v. Perdue*, 889 F.3d 410 (7th Cir. 2018). "No language from either subsection suggests that Congress intended a minimum term of supervised release 'in imposing a sentence' to constrain the court's ability to later terminate it," *Id.* at 414 (Citing *United States v. Spinelle*).

"The Court, therefore, could terminate Pope's term of supervised release after one year even though Pope initially received a term of supervised release below the statutory minimum." *Id.*

The Ninth Circuit has yet to weigh in on this issue, but the government correctly points out in its Opposition that the only Circuit to split from this thinking is the D.C. Circuit in *United States v. Lafayette*, 585 F.3d 435, 440 (D.C. Cir. 2009). The government glosses over the fact that this decision splits with the interpretations of the 2nd,[1] 6th, 7th, and 11th Circuits.

The Government's citations of *United States v. Hernandez-Flores* is similarly unavailing.[2] Opposition at 5. Not only does that decision hold not controlling authority over this Court, it also ignores the impact that such as finding would have: namely, that if the Court may not exercise its authority to modify a term of supervised release under §3583(e)(1), it would in turn lose its authority to act similarly under §3583(e)(2) & (3).

This conclusion simply does not fit Congress' intent of having both mandatory

---

1 Which assumed without deciding that a term of supervised release *can* be terminated after one year even if such a term was imposed as a mandatory minimum term, despite the misrepresentation of that decision by the Government in Opposition at 3-4.

2 2012 WL 119609 (D.N.M. Jan 3, 2012)

minimums applied at sentencing while maintaining the language present in §3583(e). Nothing in the 2002 language change, inserting "except as otherwise provided" into §3583(b) made by Pub. L. 107-273 conflicts with post-sentencing modifications under §3583(e).

## II. Conduct and the Interests of Justice

After expending much effort in its argument that this Court does not have the authority to terminate supervised release at all, the Government gives short shrift to the actual merits of my arguments. Opposition at 5-6.

In a single paragraph, the government argues that, "although [I] have not engaged in any serious misconduct while on supervision, [my] record is not spotless in light of [] prior unauthorized travel and marijuana use." *Id.* at 6. It then claims that compliant conduct is not sufficient to justify early termination because compliance is what is expected of a defendant.

This language calls back to the false imposition of standards made by *United States v. Lussier*[3] in 1997. In subsequent decisions this sentiment, that compliant conduct is simply not enough to justify early termination, was echoed throughout the 2nd Circuit and parroted throughout the country. See *United States v. Medina,* 17 F.Supp.2d 245 (N.Y.S.D. 1998), *United States v. McKay,* 352 F.Supp.2d 359 (N.Y.E.D. 2005), and *United States v. Rusin,* 105 F.Supp.3d 291 (N.Y.S.D. 2015).

The government parrots the same here. However, compare those decisions to the same case the government cites to bolster their argument: *United States v. Ponce,* No. 21-30009 (9th Cir. Jan. 11, 2022).

> "The panel took this opportunity to make clear that the unpublished decision in *Smith* misread the Second Circuit's decision in *United States v. Lussier*, 104 F.3d 32 (2d Cir. 1997), and the "exceptional behavior" rule as restated in *Evertson* is incorrect as a matter of law. The panel explained that *Smith* incorrectly attributed to *Lussier* the proposition that early termination is 'reserved for rare cases of 'exceptionally good behavior."

---

3  104 F.3d 32 (2nd Cir. 1997).

3

It is clear from the policy of both the Sentencing Commission and Judicial Conference that, once the transitional intent of supervised release is completed, further supervision should be terminated. See my Initial Brief at 6.

## CONCLUSION

For these reasons, this Court (1) retains the authority to terminate supervised release even if that term was imposed due to a statutory minimum term, and (2) that this Court should exercise its discretion and terminate the remaining portion of my supervision.

Respectfully submitted on this 28 day of March, 2022.

/s/ _____

GERALD TAYLOR

*Pro Se* Defendant, Movant

**Certificate of Service**

I aver, with my signature above, that I have served a true and correct copy of this pleading upon the Clerk of the Court and to the Office of the United States Attorney by serving both through postage-prepaid mail via the United States Postal Service. Service was rendered to the following addresses:

| **US Attorney's Office** | **Clerk of the U.S. District Court** |
|---|---|
| AUSA - Office of US Attorney | Central District of California |
| Criminal Div - US Courthouse | Western Division – Los Angeles |
| 312 N Spring St, 12th Floor | 255 E. Temple Street |
| Los Angeles, CA 90012-4700 | Room 180 |
| | Los Angeles, CA 90012 |

 

U.S. POSTAGE PAID
FCM LG ENV
LONG BEACH, CA
90808
MAR 28, 22
AMOUNT
$1.76
R2303S102013-06

r
s Verdes St.
Ca. 90731

**TO:**
Clerk of The U.S. District Court
Central District of California
Western Division - Los Angeles
255 E. Temple Street. Room #180
Los Angeles, Ca 90012

MAR 31 2022

ReadyPost